UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TRACY RHODE
7736 County Road Y
Oconto, Wisconsin 54153

        Plaintiff,

    v.

MORAINE RIDGE, LLC
8101 North Monticello Avenue, Suite 100
Skokie, Illinois 60076

        Defendant

Case No.: 19-cv-176

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Tracy Rhode, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful

employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Tracy Rhode, is an adult female resident of the State of Wisconsin with a post office address of 7736 County Road Y, Oconto, Wisconsin 54153.

5. Defendant, Moraine Ridge, LLC, was, at all material times herein, a commercial entity with a principal address of 8101 North Monticello Avenue, Suite 100, Skokie, Illinois 60076.

6. Defendant is a resident care apartment complex and community based residential facility located in Green Bay, Wisconsin with an address of 2929 St. Anthony Drive, Green Bay, Wisconsin 54311.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. In approximately February 2017, Defendant hired Plaintiff as a Life Enrichment Specialist.

14. In approximately mid-to-late 2017, Defendant promoted Plaintiff to the position of Life Enrichment Manager.

15. In approximately June 2018, Defendant promoted Plaintiff to the position of Community Admissions Coordinator.

16. During Plaintiff's employment with Defendant and in the positions of Life Enrichment Specialist and Life Enrichment Manager, Defendant compensated Plaintiff with an hourly rate of pay.

17. During Plaintiff's employment with Defendant and in the positions of Life Enrichment Specialist and Life Enrichment Manager, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

18. During Plaintiff's employment with Defendant and in the position of Community Admissions Coordinator, Defendant compensated Plaintiff with a bi-weekly salary of approximately $1,480.00 plus commissions and/or bonuses.

19. During the entirety of Plaintiff's employment with Defendant, Plaintiff reported directly to Lorrie Ryczek, Executive Director.

20. On or about December 28, 2018 was Plaintiff's last day of actual work performed at Defendant and/or on behalf of Defendant.

21. During Plaintiff's employment with Defendant and in the positions of Life Enrichment Specialist and Life Enrichment Manager, Plaintiff worked in excess of forty (40) hours per workweek.

22. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Saturday through Friday.

23. During Plaintiff's employment with Defendant, Defendant established weekly work schedules for Plaintiff and all other employees.

24. From approximately February 2017 to April 2017, Defendant directed Plaintiff to record her hours worked each workweek via handwritten timesheets.

25. From approximately February 2017 to April 2017, Plaintiff's hours worked as recorded on her weekly handwritten timesheets accurately reflected all of Plaintiff's hours worked for the workweek.

26. From approximately February 2017 to April 2017, Ryczek received and collected Plaintiff's completed timesheets each workweek.

27. From approximately February 2017 to April 2017 and after Ryczek received and collected Plaintiff's completed timesheets each workweek, Ryczek changed or altered Plaintiff's hours worked to Plaintiff's detriment.

28. From approximately February 2017 to April 2017, Defendant compensated Plaintiff based on Ryczek's changes or alterations to Plaintiff's weekly timesheets.

29. In approximately March 2017, Plaintiff's co-workers informed Plaintiff that regardless of whether Plaintiff took a thirty (30) consecutive minute meal period each work day, Ryczek would deduct thirty (30) minutes of work time each work day from Plaintiff's weekly timesheets.

30. From approximately February 2017 to April 2017 and at times on work days when Plaintiff did not take a thirty (30) consecutive minute meal period, Plaintiff placed a handwritten "X" on her weekly timesheets.

31. From approximately February 2017 to April 2017 and when Ryczek changed or altered Plaintiff's hours worked each workweek to Plaintiff's detriment, it resulted in Defendant not compensating Plaintiff for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek.

32. From approximately April 2017 to June 2018, Defendant directed Plaintiff to record her hours worked each workweek via Defendant's electronic timekeeping system (ADP).

33. From approximately April 2017 to June 2018, Plaintiff's hours worked as recorded via ADP accurately reflected all of Plaintiff's hours worked for the workweek.

34. From approximately April 2017 to June 2018, Ryczek received and reviewed Plaintiff's completed timesheets via ADP each workweek.

35. From approximately April 2017 to June 2018 and after Ryczek received and reviewed Plaintiff's completed timesheets via ADP each workweek, Ryczek changed or altered Plaintiff's hours worked to Plaintiff's detriment.

36. From approximately April 2017 to June 2018, Defendant compensated Plaintiff based on Ryczek's changes or alterations to Plaintiff's weekly timesheets.

37. From approximately April 2017 to June 2018 and at times on work days when Plaintiff did not take a thirty (30) consecutive minute meal period, Plaintiff did not "punch out" for her meal period via ADP or "punched out" and "punched back in" less than thirty (30) consecutive minutes later in order to return to work.

38. From approximately April 2017 to June 2018 and when Ryczek changed or altered Plaintiff's hours worked each workweek to Plaintiff's detriment, it resulted in Defendant not compensating Plaintiff for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek.

39. From approximately June 2018 until then end of Plaintiff's employment with Defendant, on or about December 28, 2018, Defendant directed Plaintiff to record her hours worked each workweek via handwritten timesheets.

40. During Plaintiff's employment with Defendant, Ryczek frequently deducted thirty (30) minutes per work day from Plaintiff's timesheets for an unpaid meal period.

41. During Plaintiff's employment with Defendant, Ryczek frequently deducted thirty (30) minutes per work day from Plaintiff's and other employees' weekly timesheets for unpaid meal periods even though Ryczek knew or had knowledge that Plaintiff and other employees had not received and/or did not take at least thirty (30) consecutive minutes free from work on said work days.

42. During Plaintiff's employment with Defendant, Ryczek frequently deducted thirty (30) minutes per work day from Plaintiff's and other employees' weekly timesheets for an unpaid meal period even though Ryczek knew or had knowledge that Plaintiff and other employees were directed to perform compensable work during their daily meal periods.

43. During Plaintiff's employment with Defendant, Ryczek frequently deducted thirty (30) minutes per work day from Plaintiff's and other employees' weekly timesheets for an unpaid meal period even though Ryczek knew or had knowledge that Plaintiff and other employees were performing compensable work during their daily meal periods.

44. During Plaintiff's employment with Defendant and during the workweek of December 22, 2018 to December 28, 2018, Plaintiff performed work on behalf of Defendant, with Defendant's knowledge, and/or at the direction of Defendant.

45. During Plaintiff's employment with Defendant and during the workweek of December 22, 2018 to December 28, 2018, Defendant did not compensate Plaintiff for any work performed on behalf of it, with its knowledge, and/or at its direction.

46. During Plaintiff's employment with Defendant and during the workweek of December 22, 2018 to December 28, 2018, Defendant did not compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

47. During Plaintiff's employment with Defendant and during the workweek of December 22, 2018 to December 28, 2018, Defendant did not compensate Plaintiff with her previously agreed-upon weekly salary and commissions and/or bonuses for her hours worked or work performed.

48. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked in a workweek, including but not limited to: (1) at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek; (2) at a minimum wage – an effective hourly rate of at least $7.25 per hour – for each hour worked during the workweek of December 22, 2018 to December 28, 2018; (3) at an agreed-upon wage for hour worked and work performed during the workweek of December 22, 2018 to December 28, 2018; and (4) for on duty meal periods.

49. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

50. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

51. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

52. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS**
**(OVERTIME PAY – TIMESHAVING)**

53. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

54. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

56. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

57. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted

reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

58. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

59. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

60. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – FLSA VIOLATIONS
## (MINIMUM WAGE)

61. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

62. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

63. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

64. During Plaintiff's employment with Defendant and during the workweek of December 22, 2018 to December 28, 2018, Defendant intentionally violated the FLSA by not compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

65. During Plaintiff's employment with Defendant and during the workweek of December 22, 2018 to December 28, 2018, Defendant's failure to properly and legally compensate Plaintiff for any and all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

66. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld from Plaintiff by Defendant in accordance with the FLSA.

67. Plaintiff is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

68. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### THIRD CAUSES OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY – TIMESHAVING; MINIMUM WAGE; FAILURE TO PAY AN AGREED UPON WAGE; AND ON-DUTY MEAL PERIODS)

69. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

70. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

71. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

72. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

73. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay, at the correct overtime rate of pay, and at a previously agreed-upon rate of pay.

74. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay because Defendant failed to compensate Plaintiff for on duty meal periods, in accordance with the WWPCL.

75. During Plaintiff's employment with Defendant and during the workweek of December 22, 2018 to December 28, 2018, Defendant failed to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked, in violation of the WWPCL.

76. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to at an agreed-upon wage as defined in Wis. Stat. § 109.01(3), including at her normal and previously agreed-upon regular rate of pay for all hours worked and work performed during her employment with Defendant.

77. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to at an agreed-upon wage as defined in Wis. Stat. § 109.01(3), including at her normal and previously agreed-upon salary for all hours worked and work performed during the workweek of December 22, 2018 to December 28, 2018.

78. At all times material herein, Wis. Admin. Code § DWD 274.02(3) was applicable to Plaintiff's employment with Defendant, which states: "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period."

79. During Plaintiff's employment with Defendant and when she was provided with a rest break and/or meal period during the workday in the positions of Life Enrichment Specialist and Life Enrichment Manager, Plaintiff was not provided with at least thirty (30) consecutive minutes free from work and Defendant failed to count or consider Plaintiff's rest breaks and/or meal periods during the workday as on-duty meal periods, which are compensable work time under Wis. Admin. Code § DWD 274.02(3), and instead deducted thirty (30) minutes of compensable work time from Plaintiff's timesheets each work day.

80. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

81. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

82. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, minimum wages, agreed-upon wages, on-duty meal periods, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 4th day of February, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

*s/ Scott S. Luzi*
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com